In the Matter of the Application of the BOARD OF SUPERVISORS OF ULSTER COUNTY, Appellant, to Acquire Land by Condemnation for the Construction of the Kingston-Port Ewen State Highway, Route 3, Sec. 8A, Ulster County, Pursuant to the Provisions of the Highway Law of the State of New York, Being Chapter 25 of the Consolidated Laws, and the Acts Amendatory Thereof and Supplemental Thereto, and the Provisions of the Other Statutes Applicable.

JOHN H. HASBROUCK and Others, Respondents.

Third Department, January 6, 1926.

**Eminent domain — damages — lands condemned for highway — injury to owner's ferry, landing on ground not taken, caused by opening highway across stream, not element of consequential damage.**

In proceedings to condemn land for highway purposes, the fact that the opening of the new highway across a creek will divert travel from the ferry of a landowner, the landing of which is located on ground not taken, does not entitle the landowner to consequential damages based on such injury.

APPEAL by the Board of Supervisors of Ulster county from an order of the Supreme Court, made at the Sullivan Special Term and entered in the office of the clerk of the county of Ulster on the 9th day of March, 1925, confirming a majority report of the commissioners in condemnation proceedings and awarding the claimants an extra allowance and costs.

*John W. Eckert,* for the appellant.

*Edgar E. Ougheltree* and *Philip Elting* [*Howard Chipp* of counsel], for the respondents.

PER CURIAM. That the parcel of land not taken has suffered great detriment since the opening of the highway upon the parcel

which was condemned that such a highway might be opened, there can be no doubt. The damage resulted, however, not from the condemnation but from the fact that the traveling public have preferred to use the new highway strip and the connecting bridge over Rondout creek rather than the old highway strip and the connecting ferry of the respondents. It did not occur until the strip taken was put into use as a highway. It would have occurred, when that use became possible, whether the strip had been previously owned by the respondents or by other persons. What the respondents really complain of is a competing route which has deprived their ferry, previously an almost exclusive means of crossing Rondout creek, of the patronage which formerly came to it. We do not think that consequential damages, based upon a diversion of travel from the ferry landing established on the lands not taken, were the proper subject of an award. No decisions in this jurisdiction, having a direct bearing upon the question involved, have been cited to us. Judge Cooley has said: " The construction of a new way or the discontinuance of an old one may very seriously affect the value of adjacent property; the removal of a county or State capital will often reduce very largely the value of all the real estate of the place from whence it was removed; but in neither case can the parties whose interests would be injuriously affected, enjoin the act or claim compensation from the public." (Cooley Const. Lim. [7th ed.] 548.) Corpus Juris says: " Loss arising from the competition of the condemning party does not constitute an element of damage and the same is true of loss arising from increased competition on the part of others, growing out of the use to which the condemned land is to be put." (20 C. J. 781.) We think that these statements correctly set forth the law which should be applied in this instance.

The order should be reversed, without costs, and the proceedings remitted to the commission for further action in accordance with this opinion.

All concur.

Final order reversed on the law, without costs to either party, and proceedings remitted to the same commission to take and report a new appraisal in harmony with the opinion.